1    JEFFER MANGELS BUTLER & MITCHELL LLP
     TRAVIS M. GEMOETS (Bar No. 174365), tgemoets@jmbm.com
2    HILLARY JAY BACA (Bar No. 288068), hbaca@jmbm.com
     1900 Avenue of the Stars, Seventh Floor
3    Los Angeles, California 90067-4308
     Telephone:    (310) 203-8080
4    Facsimile:    (310) 203-0567

5    Attorneys for Defendant MUSE SCHOOL CA

6

7                    UNITED STATES DISTRICT COURT

8                   CENTRAL DISTRICT OF CALIFORNIA

9

10

11   COLLEEN CONTRERAS & ALEJANDRO        **CV14-4591 SJO-JPR**x
     CONTRERAS,
12                                        (Superior Court of California for the County of
                  Plaintiffs,             Los Angeles – West District Case No. SC122557)
13
            vs.                           DEFENDANT MUSE SCHOOL CA'S NOTICE
14                                        OF REMOVAL OF CIVIL ACTION TO
     MUSE SCHOOL CA, and DOES 1-20,       FEDERAL COURT PURSUANT TO 28 U.S.C.
15   inclusive,                           SECTION 1441(B) FEDERAL QUESTION

16                Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

FILED
CLERK, U.S. DISTRICT COURT

JUN 1 3 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

1   TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE

2   CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFFS COLLEEN CONTRERAS AND

3   ALEJANDRO CONTRERAS AND THEIR ATTORNEYS OF RECORD, JACOB REGAR AND

4   JACOB REGAR LAW:

5

6           PLEASE TAKE NOTICE that Defendant MUSE SCHOOL CA ("Muse" or

7   "Defendant"), hereby removes this action from the Superior Court of the State of California for the

8   County of Los Angeles – West District ("Los Angeles County Superior Court") to the United States

9   District Court for the Central District of California.  This removal is based on the Truth in Lending

10  Act, 15 U.S.C. § 1601, *et seq.* (the "TILA"), 28 U.S.C. §§ 1331, 1367 and 1441(b) for the reasons

11  stated below:

12         1.     On or about May 15, 2014, plaintiffs Colleen Contreras and Alejandro

13  Contreras ("Plaintiffs") filed their complaint in the Los Angeles Superior Court entitled "*COLLEEN*

14  *CONTRERAS &ALEJANDRO CONTRERAS, Plaintiff v. MUSE SCHOOL CA, AND DOES 1-20*

15  *INCLUSIVE, Defendant,*" designated as Case No. SC122577 ("Complaint").  The Complaint alleges

16  the following three causes of action against Muse: (1) violating the TILA by not disclosing various

17  terms required to be disclosed as part of a finance arrangement; (2) violating the Consumer Legal

18  Remedies Act (the "CLRA"), California Civil Code § 1750, *et seq.*; and (3) violating unfair

19  competition law, California Business and Professions Code § 17200, *et seq.*

20         2.     Plaintiffs personally served a copy of the Summons, Complaint, Civil Case

21  Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case

22  Assignment to Individual Calendar Court, and Declaration for Complaint under Consumer Legal

23  Remedies Act on Defendant on May 19, 2014.  *See* May 23, 2014 Proof of Service of Summons,

24  attached hereto as Exhibit A.  The Summons, Complaint, Civil Case Cover Sheet, Civil Case Cover

25  Sheet Addendum and Statement of Location, Notice of Case Assignment to Individual Calendar

26  Court, and Declaration for Complaint under Consumer Legal Remedies Act, attached hereto as

27  Exhibit B, is the initial pleading that was served on Defendant.

28

JMBM | Jeffer Mangels
Butler & Mitchell LLP

1             3.     On June 12, 2014, Defendant served Plaintiffs with its Answer to the

2   Complaint, and filed same in the Los Angeles County Superior Court.  A true and correct copy of

3   Defendant's Answer to the Complaint is attached as Exhibit C.

4             4.     The Summons, Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet

5   Addendum and Statement of Location, Notice of Case Assignment to Individual Calendar Court,

6   and Declaration for Complaint under Consumer Legal Remedies Act, and Answer constitute all of

7   the documents that have been filed in this action with the Superior Court.

8             5.     In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies

9   that a copy of this Notice of Removal and all supporting papers promptly will be served on

10   Plaintiffs' counsel and filed with the Clerk of the Los Angeles County Superior Court.  True and

11   correct copies of the Notice of Removal of Civil Action to Federal Court and the Notice to Adverse

12   Party of Removal of Civil Action are attached hereto as Exhibits D and E, respectively.  Therefore,

13   all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

14            6.     This Notice of Removal is effected properly and timely pursuant to 28 U.S.C.

15   § 1441(c).

16            7.     Venue is proper in this District pursuant to 28 U.S.C. § 1441(a) because the

17   Superior Court where the removed case was pending is located within this District.

18

19                  REMOVAL BASED UPON FEDERAL QUESTION JURISDICTION

20            8.     This is a civil action over which this Court has original jurisdiction pursuant

21   to 28 U.S.C. §§ 1331, 1367 and 1441.  Plaintiff's first cause of action is plead under the TILA, 15

22   U.S.C. § 1601, *et seq.*  Plaintiffs' second cause of action under the CLRA and third cause of action

23   under California Business and Professions Code section 17200, *et seq.* seek relief based on alleged

24   violations of the TILA. *See* Complt. ¶¶ 49-50, 62-66.  Accordingly, Muse may remove this action

25   because it arises "under the Constitution, laws or treaties of the United States." 28 U.S.C. §§ 1331,

26   1441.

27

28

PRINTED ON
RECYCLED PAPER

JMBM | Jeffer Mangels
Butler & Mitchell LLP

1            9.     The Complaint may be removed on the basis of federal question jurisdiction

2    in that:

3            a)     Plaintiffs' first cause of action was plead under the TILA, 15 U.S.C. §

4    1601, *et seq.*, a federal statute, and thus clearly arises "under the Constitution, laws, or treaties of

5    the United States." 28 U.S.C. § 1331. Federal question jurisdiction is proper because the resolution

6    of Plaintiffs' claims will require adjudication of disputed questions of federal law.

7            10.    Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over

8    plaintiff's remaining causes of action plead under California state law because they are substantially

9    related to plaintiff's first cause of action under the TILA. Because plaintiff's remaining causes of

10   action arise from the same nucleus of operative facts as do the first cause of action under the TILA,

11   all should be tried in one action. *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 714

12   (9th Cir. 1990). Considerations of convenience, judicial economy and fairness to the litigants

13   strongly favor this Court exercising jurisdiction over plaintiff's entire Complaint. *United Mine*

14   *Workers v. Gibbs*, 383 U.S. 715, 725-26 (1966).

15

16           WHEREFORE, Muse removes the above-entitled action now pending in the Los

17   Angeles Superior Court to this Court.

18

19   DATED: June 13, 2014        JEFFER MANGELS BUTLER & MITCHELL LLP

20                                 TRAVIS M. GEMOETS

                                   HILLARY JAY BACA

21

22           By: _____

23                           TRAVIS M. GEMOETS

                    Attorneys for Defendant MUSE SCHOOL CA

24

25

26

27

28

JMBM  Jeffer Mangels Butler & Mitchell LLP

# Exhibit A

May 21, 2014     Case 2:14-cv-04591-SJO-JPR   Document 1   Filed 06/13/14   Page 6 of 61   Page ID #:44
USA Express Legal & Investigative Services, Inc. fax (tax (800) 681-5311
POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Jacob A. Regar, Esq. <br> Jacob Regar Law <br> 74900 US Highway 111 Suite 215 Indian Wells, CA 92210 <br><br> TELEPHONE NO.: **(818) 588-0653**    FAX NO.(Optional): <br> E-MAIL ADDRESS (Optional): jacob@jacobregarlaw.com <br> ATTORNEY FOR (Name): **plaintiff: Colleen Contreras** | SBN: 268493 |

**CONFORMED COPY ORIGINAL FILED**
Superior Court of California
County of Los Angeles

**MAY 23 2014**

Sherri R. Carter, Executive Officer/Clerk
By **Darnetta Smith,** Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

STREET ADDRESS: **1725 MAIN STREET**
MAILING ADDRESS: **SAME**
CITY AND ZIP CODE: **SANTA MONICA, CA 90401**
BRANCH NAME: **SANTA MONICA WEST DISTRICT**

| PLAINTIFF/PETITIONER: Colleen Contreras, et al | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Muse School CA, et al | **SC122557** |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☒ summons
   b. ☒ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☒ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents):*  **Notice of Case Assignment to Individual Calendar Court; Voluntary Efficient Litigation Stipulations; Declaration for Complaint Under Consumer Legal Remedies Act (CLRA)**

3. a. Party served *(specify name of party as shown on documents served):*
   **Muse School CA**

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **Patrick Dunn - Agent for service of process**

4. Address where the party was served: **16255 Ventura Blvd. # 525**
   **Encino, CA 91436**

5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*     (2) at *(time):*

   b. ☒ **by substituted service.** On *(date):* **05/19/2014** at *(time):* **02:40 pm** I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*
   **Nitzi Padilla - Receptionist, person in charge authorized to accept service**

   | Age: 30-35 | Weight: 105 lbs | Hair: Brown | Sex: female |
   |---|---|---|---|
   | Height: 5'5" | Eyes: Brown | Race: Hispanic | Marks: |

   (1) ☒ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) ☒ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* **05/20/2014** from *(city):* **Woodland Hills**   or ☐ a declaration of mailing is attached.

   (5) ☒ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10
POS010-1/PS148250

*(right margin, vertical)* FILED BY FAX

May 21, 2014                    USA Express Legal & Investigative Services, Inc. fax (800) 861-5311

| PETITIONER: Colleen Contreras, et al | CASE NUMBER: |
|---|---|
| RESPONDENT: Muse School CA, et al | SC122557 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                 (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*) (Code Civ. Proc., § 415.30.)*

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify):*
c. ☐ as occupant.
d. ☒ On behalf of *(specify):* Muse School CA
    under the following Code of Civil Procedure section:

|  |  |
|---|---|
| ☐ 416.10 (corporation) | ☒ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
|  | ☐ other: |

7. **Person who served papers**
   a. Name: **Grigor Tashchyan - USA Express Legal & Investigative Services, Inc.**
   b. Address: **21031 Ventura Blvd., Suite 920  Woodland Hills, CA 91364**
   c. Telephone number: **(877) 872-3977**
   d. The fee for service was: **$ 58.50**
   e. I am:

    (1) ☐ not a registered California process server.
    (2) ☒ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ registered California process server:
       (i) ☐ owner     ☐ employee     ☐ **independent contractor.**
       (ii) Registration No.:
       (iii) County:

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ I am a **California sheriff or marshal** and I certify that the foregoing is true and correct.

Date: **05/21/2014**

*U.S.*

**USA Express Legal & Investigative Services, Inc.**
**21031 Ventura Blvd., Suite 920**
**Woodland Hills, CA 91364**
**(877) 872-3977**

                                      ▶

      **Grigor Tashchyan**
     (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

FILED by FAX

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | | FOR COURT USE ONLY |
|---|---|---|
| Jacob A. Regar, Esq.    SBN: 268493 <br> Jacob Regar Law <br> 74900 US Highway 111 Suite 215 Indian Wells, CA 92210 <br><br> TELEPHONE NO.:(818) 588-0653     FAX NO.*(Optional):* <br> E-MAIL ADDRESS *(Optional):* jacob@jacobregarlaw.com <br> ATTORNEY FOR *(Name):* plaintiff: Colleen Contreras | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

STREET ADDRESS: 1725 MAIN STREET

MAILING ADDRESS: SAME

CITY AND ZIP CODE: SANTA MONICA, CA 90401

BRANCH NAME: SANTA MONICA WEST DISTRICT

| PLAINTIFF/PETITIONER: Colleen Contreras, et al | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Muse School CA, et al | SC122557 |

| DECLARATION OF DILIGENCE | Ref. No. or File No.: |
|---|---|

I received the within process on May 16, 2014 and that after due and diligent effort I have been able to serve said person.  The following itemization of the dates and times of attempts details the efforts required to effect personal service.  Additional costs for diligence are recoverable under CCP §1033.5 (a)(4)(B).

Servee:  **Muse School CA**

Person left with:  **Nitzi Padilla - Receptionist, person in charge authorized to accept service**

Documents:  **Summons;Complaint;Civil Case Cover Sheet (served in complex cases only);Notice of Case Assignment to Individual Calendar Court; Voluntary Efficient Litigation Stipulations; Declaration for Complaint Under Consumer Legal Remedies Act (CLRA)**

As enumerated below:

**05/15/2014 -- 04:15 pm**          16255 Ventura Blvd., # 525
                                                            Encino, CA 91436

  Agent for service not available

**05/16/2014 -- 09:00 am**          16255 Ventura Blvd., # 525
                                                            Encino, CA 91436

  Agent for service not available

**05/19/2014 -- 02:40 pm**          16255 Ventura Blvd., # 525
                                                            Encino, CA 91436

  Substituted Service.

Fee for Service: $  58.50

County:

Registration No.:

**USA Express Legal
& Investigative Services, Inc.
21031 Ventura Blvd., Suite 920
Woodland Hills, CA 91364
(877) 872-3977
www.usaexpressinc.com**

I declare under penalty of perjury under the laws of the State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on **May 21, 2014.**

Signature

**Grigor Tashchyan**

DECLARATION OF DILIGENCE

# Exhibit **B**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MUSE School CA and DOES 1-20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Colleen Contreras and Alejandro Contreras

<table>
<tr><td>

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 15 2014

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
</td></tr>
</table>

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Santa Monica Courthouse<br><br>1725 Main St.<br>Santa Monica, CA 90401 | CASE NUMBER:<br>*(Número del Caso):* SC122557 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jacob Regar, Esq; 74900 Highway 111, Suite 15; Indian Wells, CA 92210; Tel: (760) 600-0461

| DATE: MAY 15 2014<br>*(Fecha)* | Sherri R. Carter, Clerk | Clerk, by TA. , Deputy<br>*(Secretario)* *(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):* Muse School CA

3. ☑ on behalf of *(specify):* MUSE School CA

   under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):* 5/19/14

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 15 2014

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy

JACOB REGAR,   SBN: 268493
**JACOB REGAR LAW**
74900 HIGHWAY 111, STE. 215
INDIAN WELLS, CA 92210
TELEPHONE: (760) 600-0461
FACSIMILE: (818) 855-8774
jacob@jacobregarlaw.com

**JUDGE GERALD ROSENBERG**

Attorney for Plaintiffs, Colleen Contreras & Alejandro Contreras CASE MANAGEMENT CONFERENCE

AUG 2 7 2014

DEPT. K
8:30AM

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES – WEST DISTRICT

| | |
|---|---|
| COLLEEN CONTRERAS & ALEJANDRO CONTRERAS, <br><br> Plaintiff, <br><br> vs. <br><br> MUSE SCHOOL CA, AND DOES 1-20 INCLUSIVE, <br><br> Defendant, | Case No.:  **SC122557** <br><br> **COMPLAINT FOR INJUNCTION AND DAMAGES** <br><br> **TRUTH IN LENDING ACT, 15 U.S.C. §1601 et seq.; CONSUMER LEGAL REMEDIES ACT (CLRA); UNFAIR COMPETITION LAW (UCL)** <br><br> **REQUEST FOR JURY TRIAL** |

Plaintiffs COLEEN CONTRERAS and ALEJANDRO CONTRERAS, on behalf of themselves, individually, bring this action against MUSE SCHOOL CA, and DOES 1-20.

## I. PRELIMINARY STATEMENT

1. Plaintiffs institute this action for actual damages, statutory damages, injunctive relief, attorney fees, and the costs of this action against Defendant Muse School CA for multiple violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq., (hereinafter TILA) and

COMPLAINT - 1

1   Regulation Z, 12 C.F.R. § 1026, promulgated pursuant thereto, and for violations of the

2   Consumer Legal Remedies Act, California Civil Code § 1750 *et seq.*, (hereinafter CLRA); and

3   the Unfair Competition Law, California Business and Professions Code § 17200 *et seq.*

4

5                     **II. JURISDICTION AND VENUE**

6   2. The jurisdiction of this court for the First Cause of Action is invoked pursuant to the Truth

7   in Lending Act, 15 U.S.C. § 1640(e).

8   3. This court has jurisdiction over the Plaintiffs' state law claims pursuant to Civil Code §

9   1780(c) and Business and Professions Code § 17204.

10   4. Venue is proper in this county in which the Defendant is doing business and providing

11   educational services and where a substantial part of the events or omissions giving rise to

12   Plaintiffs' claims occurred.

13

14                        **III. PARTIES**

15   5. Plaintiffs, Coleen Contreras and Alejandro Contreras are natural persons currently residing

16   at 1743 Stanhope Court, Lake Sherwood, CA 91361.

17   6. Defendant Muse School CA (hereinafter "Defendant" or "MUSE") is a business

18   organization, form unknown, with entity number C2892603 with the California Secretary of

19   State, and at all relevant times was doing business at 1666 Las Virgenes Cyn Road, Calabasas,

20   CA 91302.

21   7. The true names and capacities, whether individual, corporate, associate, or otherwise, of

22   Defendant, Does One through Twenty, inclusive, are unknown to Plaintiffs, who therefore sue

23   these Defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to

24   set forth their true names and capacities when they have been ascertained. Further, Plaintiffs are

25   informed, believe, and allege that each Defendant designated here as a "Doe" is responsible in

26   some manner for the events and happenings referred to here, and caused injury and damage to

27   Plaintiffs as alleged here.

28   / / /

1    8.  Plaintiffs are informed, believe, and allege that at all times mentioned here, Defendants, and

2    each of them, were the agents, servants, and/or employees of each of their Co-Defendants.

3    Plaintiffs are informed, believe, and allege that in doing the things hereinafter alleged,

4    Defendants, and each of them, were acting in the course and scope of their employment as such

5    agents, servants, and/or employees, and with the permission, consent, knowledge, and/or

6    ratification of their Co-Defendants, principals, and/or employers.

7    9.  At all times relevant hereto, the Defendant regularly extended or offered to extend

8    consumer credit for which a finance charge is or may be imposed or which, by written

9    agreement, is payable in more than four installments, and is the person to whom the transaction

10   which is the subject of this action is initially payable, making Defendant a creditor within the

11   meaning of TILA, 15 U.S.C. § 1602(g) and Regulation Z § 1026(a)(17).

12

13                   IV. FACTUAL ALLEGATIONS

14   10.  Plaintiffs are the proud parents of a child who is in first grade and is considered a high-

15   achieving student. They decided to look for a school that could provide their son with a flexible

16   academic environment and differentiated learning[1]. They also wanted to find a school that had

17   particular expertise in educating high-achieving students.

18   11.  Plaintiffs reviewed MUSE's website which represented that the school offered

19   personalized learning plans and an emphasis in teaching science and math. Through its website

20   it represented that its assessment methods could "propel [its] students as far above and beyond

21   as they're willing to go."

22

23

24

25         [1] In education, "'differentiation' refers to a wide variety of teaching techniques and lesson adaptations that educators use to instruct a diverse group of students, with diverse learning needs, in the same

26  course, classroom, or learning environment... The basic idea is that the primary educational objectives—making sure all students master essential knowledge, concepts, and skills—remain the same for every student, but teachers may use different instructional methods to help students meet those expectations... [In differentiated instruction]

27  [T]eachers also use strategies such as formative assessment—periodic, in-process evaluations of what students are learning or not learning—to determine the best instructional approaches or modifications needed for each student."

28  "Differentiation." *The Glossary of Education Reform*. Great Schools Partnership, 07 November 2013. Web. 08 May 2014. http://edglossary.org/differentiation/

1    12. In or around October 2013, Plaintiff Colleen Contreras contacted MUSE about her interest

2  in enrolling her son into first grade.  Subsequently, Plaintiffs attended a school tour led by the

3  head of school, Jeff King. It was represented to Plaintiffs that the first grade teacher was an

4  expert in differentiated education. This particular representation was a major selling point for

5  Plaintiffs. They were told that there were several other "gifted" children in the program who

6  were thriving. They were told "if your first grade student needs second grade reading and third

7  grade math, that is what we do."

8    13. It was further represented to Plaintiffs that the school encouraged and welcomed parent

9  involvement on campus.

10    14. Plaintiff Colleen Contreras met with Jeff King after the tour and she explained her and her

11  husband's priorities for their son's education. Jeff King expressed enthusiasm that teaching

12  gifted children and providing personalization of education services was MUSE's strength.

13    15. After submitting an enrollment application, Plaintiffs were told their son would be

14  assessed by the school for fit and level. Plaintiffs were then informed that their son had been

15  accepted.

16    16. Plaintiffs discussed their specific expectations for their son's education with the school's

17  Director of Curriculum who represented that the appropriate scaffolding[2] would be implemented

18  to meet their son's needs.

19    17. To begin enrollment of Plaintiff's son, MUSE presented to Plaintiff and her husband a

20  Student Enrollment Contract (hereinafter sometimes "Contract") which granted the tuition payer

21  the right to select from among several payment options payable to MUSE (described below), all

22  of which included a November payment of $2,052 due with the Contract:

23

24

25        [2] In education, "'scaffolding' refers to…instructional techniques used to move students
   progressively toward stronger understanding and, ultimately, greater independence in the learning process. The term
26  itself offers the relevant descriptive metaphor: teachers provide successive levels of temporary support that help
   students reach higher levels of comprehension and skill acquisition that they would not be able to achieve without
27  assistance. Like physical scaffolding, the supportive strategies are incrementally removed when they are no longer
   needed, and the teacher gradually shifts more responsibility over the learning process to the student." "Scaffolding."
28  *The Glossary of Education Reform.* Great Schools Partnership, 03 February 2014. Web. 08 May 2014.
   http://edglossary.org/scaffolding/

1    a) single tuition balance payment plus $20 billing fee;

2    b) single tuition balance payment plus $373 tuition refund insurance and $20 billing fee;

3    c) two, equal tuition balance payments plus $373 tuition refund insurance, $45 billing fee and

4    $267 interest;

5    d) seven, equal tuition balance payments plus $373 tuition refund insurance, $45 billing fee, and

6    $267 interest.

7    18. After discussing the available payment plans with her husband and considering which plan

8    represented the best economic choice for her family, Plaintiff and her husband chose the seven

9    payments installment option.

10   19. As noted above, the option which Plaintiff and her husband chose included a tuition refund

11   insurance premium, which was required by MUSE when tuition payers did not pay the entire

12   enrollment fee in a single payment (MUSE states in its Contract that it "self-insures this

13   program to protect both the family and the school in the event a student cannot finish the school

14   year due to unforeseen circumstances."). Plaintiff Colleen Contreras inquired of a MUSE

15   admissions representative whether she had the option of not buying the tuition refund insurance

16   because it was of little to no benefit to her and her husband, but she was told it was required.

17   20. Additionally, MUSE pre-included the insurance premium in the Contract that it presented

18   to Plaintiffs for them to sign.

19   21. On or about November 4 or November 5, 2013, Plaintiffs executed the Contract for their

20   son's enrollment into the 2013-2014 school year. Due to her son entering the school year after it

21   had already begun, the normal tuition charge of $22,500 in addition to $1,000 enrollment fee

22   was pro-rated to reflect a tuition balance of $18,628 plus $1,000 enrollment fee.

23   22. The transaction, therefore, is a consumer credit transaction within the meaning of TILA,

24   15 U.S.C. § 1602 and Regulation Z § 1026.2. A true and accurate copy of the Student

25   Enrollment Contract (hereinafter "Contract") is attached hereto as Exhibit A, and his hereby

26   incorporated by reference.

27   23. During the period that their son was a student at MUSE, Plaintiffs grew concerned that the

28   school's services were not living up to its initial representations. They learned that the first

COMPLAINT - 5

1  grade teacher was very new to teaching and he did not have expertise in differentiated

2  instruction.

3    24.  Plaintiffs learned that MUSE performed an ineffective assessment of their son. And the

4  individualized learning plan that MUSE touted as a major selling point in their advertisements to

5  Plaintiffs was not implemented as promised. For example, Plaintiffs' son did not receive

6  differentiated instruction in his math lessons without Plaintiffs' persistent requests for their son

7  to be properly assessed. Specific school projects that Plaintiffs' son was supposed to complete

8  were not carried out.

9    .25.  Plaintiff Colleen Contreras expressed her concerns about the unfulfilled representations

10  made by MUSE relating to its services to MUSE's representatives and eventually decided that

11  the education services provided by MUSE were not meeting her son's needs and were not living

12  up to the school's representations .

13    26.  In February 2013, Plaintiffs decided to withdraw their son from MUSE and place him in a

14  different school.

15

16                  **V. FIRST CAUSE OF ACTION**

17       **TRUTH IN LENDING ACT, 15 U.S.C § 1601 *et seq*. Against MUSE School CA**

18    27.  Plaintiffs reallege and incorporate by reference each and every allegation of the above

19  paragraphs as though fully set forth herein.

20    28.  Plaintiffs are natural persons, and, thus, "person[s]" within the meaning of 15 U.S.C. §

21  1602(e) and Regulation Z § 1026.2(a)(22).

22    29.  Plaintiffs are also "consumer[s]" within the meaning of 15 U.S.C. § 1602(i) and

23  Regulation Z § 1026.2(a)(11).

24    30.  Defendant is an organization, and, thus, a "person" within the meaning of 15 U.S.C. §

25  1602(e) and Regulation Z § 1026.2(a)(22).

26    31.  As the enrollment contract which MUSE offered to Plaintiffs was a consumer credit

27  transaction, MUSE being the creditor was required to make specific disclosures to Plaintiffs,

28  pursuant to the TILA and Regulation Z. MUSE was required to make the TILA disclosures prior

1   to consummation of the transaction, which it did not do, in violation of 15 U.S.C. § 1638(b) and

2   Regulation Z § 1026.17(b).

3       32.   Although MUSE disclosed various terms of the finance arrangement in conjunction with

4   the consumer credit transaction, the disclosure statement violated the requirements of Truth in

5   Lending and Regulation Z in the following and other respects:

6   a) By failing to disclose the identity of the creditor making the disclosures in violation of 15

7   U.S.C. § 1638(a)(1) and Regulation Z § 1026.18(a).

8   b) By failing to disclose the "amount financed", using that term, and a brief description such as

9   "the amount of credit provided to you or on your behalf." 15 U.S.C. § 1638(a)(2)(A) and

10   Regulation Z § 1026.18(b).

11   c) By failing to disclose the "finance charge", not itemized, using that term, and a brief

12   description such as "the dollar amount the credit will cost you." 15 U.S.C. § 1638(a)(3) and

13   Regulation Z § 1026.18(d).

14   d) By failing to disclose the finance charge expressed as an "annual percentage rate", using that

15   term, and a brief description such as "the cost of your credit as a yearly rate." 15 U.S.C. §

16   1638(a)(4) and Regulation Z § 1026.18(e).

17   e) By failing to disclose the sum of the amount financed and the finance charge, which shall be

18   termed the "total of payments," using that term, and a descriptive explanation such as "the

19   amount you will have paid when you have made all scheduled payments." 15 U.S.C. §

20   1638(a)(5) and Regulation Z § 1026.18(h).

21   f) By failing to make required disclosures, including the annual percentage rate and finance

22   charge, clearly and conspicuously in writing in violation of 15 U.S.C. § 1632(a) and Regulation

23   Z § 1026.17(a).

24   (g) By failing to include and properly disclose the finance charge as an item of the credit

25   transaction, MUSE failed to include within the finance charge certain charges imposed by

26   MUSE payable by Plaintiffs incident to the extension of credit as required by 15 U.S.C. § 1605

27   and Regulation Z § 1026.4, thus improperly disclosing the finance charge in violation of

28   ///

1  15 U.S.C. § 1638(a)(3) and Regulation Z § 1026.18(d). Such amounts include, but are not

2  limited to:

3  i. $25, which is the difference of the $20 billing processing fee charged to tuition payers who

4  pay tuition in one payment and the $45 billing processing fee charged to Plaintiffs who opted for

5  the seven payment installment plan. 15 U.S.C. § 1605(a); Regulation Z § 1026.4(b)(2).

6  ii. $267 interest charge. 15 U.S.C. § 1605(a)(1); Regulation Z § 1026.4(b)(1).

7  iii. $373 tuition refund insurance premium (MUSE states in its Contract "[p]articipation in the

8  Tuition Refund Plan is required" unless the tuition payer pays the tuition in one payment) which

9  MUSE represents provides coverage for "medically necessary withdrawals," "death of a tuition

10  payer...," "involuntary unemployment of tuition payer," "job transfer...of the tuition payer,"

11  and "non-voluntary separation from MUSE," and for which disclosures required as a

12  precondition to exclusion from the finance charge were not properly made, 15 U.S.C. § 1605(b);

13  Regulation Z § 1026.4(d)(1)(i).

14  33. By reason of the aforesaid violations of the TILA and Regulation Z, Defendant is liable to

15  Plaintiffs in the amount of twice the finance charge or $2,000, whichever is less, actual damages

16  to be established at trial, and attorney fees and costs in accordance with 15 U.S.C. § 1640.

17

18  VI. SECOND CAUSE OF ACTION

19  CONSUMER LEGAL REMEDIES ACT, California Civil Code § 1750 *et seq.*

20  Against all Defendants

21  34. Plaintiffs reallege and incorporate by reference each and every allegation of the above

22  paragraphs as though fully set forth herein.

23  35. The acts and efforts undertaken by MUSE complained of herein are "Services" within the

24  meaning of Civil Code § 1761(b). Such services include but are not limited to: work and labor

25  by MUSE to educate child students; representation of providing a "self-insured" tuition refund

26  insurance program; financing, which MUSE provides tuition payers.

27  36. MUSE is a "Person" within the meaning of Civil Code § 1761(c).

28  37. Plaintiff is a "Consumer" within the meaning of Civil Code § 1761(d).

COMPLAINT - 8

1    38. The Student Enrollment Contract, representations and omissions made by MUSE, before,

2    during and after consummation of the Contract, all constitute part of the "transaction" as defined

3    by Civil Code § 1761(e).

4    39. MUSE, Plaintiffs Colleen Contreras and Alejandro Contreras are all "Persons" within the

5    meaning of California Insurance Code § 19.

6    40. The Student Enrollment Contract which included the Tuition Refund Insurance clause is

7    "Insurance" within the meaning of California Insurance Code § 22.

8    41. As MUSE undertook to indemnify Plaintiffs by insurance, they are the "Insurer;" likewise,

9    as Plaintiffs are purportedly indemnified by MUSE, they are the "Insured;" within the meaning

10    California Insurance Code § 23.

11    42. MUSE is a "Creditor" within the meaning of California Insurance Code §§ 779.2(3);

12    1758.992.

13    43. Plaintiffs are both considered "Debtor[s]" within the meaning of California Insurance

14    Code § 779.2(4).

15    44. The total amount payable by Plaintiffs to MUSE in connection with the Contract qualifies

16    as "Indebtedness" within the meaning of California Insurance Code § 779.2(5).

17    45. MUSE's conduct and expressions in connection with the forced sale of insurance incident

18    to the extension of credit, pursuant to the Student Enrollment Contract was a "transact[ion]"

19    within the meaning of California Insurance Code § 35.

20    46. The Tuition Refund Insurance which MUSE required Plaintiffs to purchase qualifies as

21    "Credit insurance" within the meaning of California Insurance Code § 1758.992.(d)(1), (2).

22    47. "[D]eath of a tuition payer" is an inseverable coverage term included with the other

23    covered losses in the insurance Contract which MUSE sold to Plaintiffs as part of the credit

24    transaction, and Plaintiffs would have lost the option of making tuition payments in installments

25    if they decided not to purchase the required insurance, thus, the insurance is "Credit life

26    insurance" within the meaning of California Insurance Code § 779.2(1).

27    ///

28    ///

48.  When MUSE inserted in its Contract the lender-placed insurance policy and obligated Plaintiffs to pay the associated premium, it violated various provisions of the California Insurance Code. Such violations included but are not limited to:

a)  MUSE's Student Enrollment Contract did not provide notice to Plaintiffs that in the event of termination of the insurance prior to the scheduled maturity date of the tuition balance, a "refund of the amount paid by [Plaintiffs] shall be paid promptly to the person entitled thereto or credited to the next payment or payments due on the indebtedness." California Insurance Code § 779.14

b)  As Plaintiffs had the right to terminate the insurance at any time, for any reason, upon notice to MUSE, a refund was required to be paid or credited as required by law. When Plaintiffs withdrew their son from MUSE and cancelled the transaction, MUSE failed to refund to Plaintiffs and/or credit the payments due on the indebtedness. California Insurance Code § 779.31.

c)  MUSE failed to include on the face of the contract a notice to Plaintiffs that they had the right to rescind the insurance within 30-days of receipt of the contract. California Insurance Code § 779.14(b). Thus, the Contract's insurance provision is of no legal effect. California Insurance Code § 779.14(b), (d).

d)  It was unlawful for MUSE, their employees, representatives and agents to transact the contract of insurance, credit life insurance, or credit insurance, which included, among other provisions of coverage, involuntary unemployment insurance if said persons were unlicensed to conduct those transactions. California Insurance Code §§ 1631; 1633; 1758.9.

e)  Defendants committed coercion when they required Plaintiffs to purchase insurance from MUSE incident to the extension of credit, while prohibiting Plaintiffs from looking to other insurance providers for the same or similar coverage. California Insurance Code § 790.03(c).

f)  When MUSE inserted in its Contract the requirement of purchasing credit insurance incident to the extension of credit, it was contrary to the obligation that would be imposed on a *licensed credit insurance agent*, who would be required to disclose to a prospective purchaser of such insurance written materials which provide that "the purchase of [credit insurance] is not

1 | required in order to secure…an extension of credit." California Insurance Code § 1758.97. This
2 | act, among others, represents the unregulated transacting by MUSE in the business of insurance.
3 | 49. MUSE's representation of itself as a provider of insurance services (as it states it "self-
4 | insures" its Tuition Insurance policy) and requiring Plaintiffs to purchase its own insurance
5 | policy without providing more than a few paragraphs of policy language is in itself a
6 | misrepresentation of the rights, benefits, standard, quality, and characteristic included in its own
7 | policy. Such examples include but are not limited to:
8 | a) Given that MUSE is the creditor-seller of the subject transaction who compels the sale of its
9 | own insurance policy incident to the extension of credit, it raises red flags concerning its ability
10 | to fairly and legally administer claims that could be made by insured's against the policy;
11 | b) MUSE does not define any of the covered losses. For example, Muse does not provide
12 | definitions for "involuntary unemployment of tuition payer" or "medically necessary
13 | withdrawals;"
14 | c) MUSE does not provide a list of applicable policy exclusions.
15 | 50. As noted above, MUSE also made deficient disclosures of the Contracts credit terms,
16 | including, but not limited to:
17 | a) When MUSE stated in its Contract that Plaintiffs owed $267 interest, it was a misleading
18 | representation of the Contract's finance charge. Plaintiffs considered that amount to be the
19 | extent of the cost of credit for the transaction. This is a consequence of MUSE's failure to
20 | provide proper disclosures of the Contract's credit terms, which is a requirement of the TILA.
21 | b) When Plaintiffs were compelled by MUSE as a condition to the extension of credit to buy
22 | insurance for which MUSE received the full proceeds of the premium, the premium was actually
23 | an undisclosed or hidden finance charge under the Truth in Lending Act. 15 U.S.C. § 1605(b);
24 | Regulation Z § 1026.4(d)(1)(i).
25 | c) As a creditor, MUSE's failure to disclose the finance charge as an item of the credit
26 | transaction caused an incomplete and inaccurate representation of Plaintiff's obligation of
27 | indebtedness.
28 | d) When MUSE stated in its Contract that tuition payers who pay in installments are charged

1   $267 interest, it misrepresented one of the Contract's material characteristics: the true cost of

2   credit incurred by Plaintiffs in connection with the Contract. The misrepresentation occurred by

3   not including in the finance charge the $373 price of tuition refund insurance and the $25 price

4   difference between the billing fee charged to single payment tuition payers and multiple

5   payment tuition payers. 15 U.S.C. § 1605(b); Regulation Z §§ 1026.4(b)(1),(2); (d)(1)(i).

6   e) MUSE's failure to express the Contract's finance charge as annual percentage rate is one of

7   the most material violations a creditor can commit under the TILA. 15 U.S.C. § 1638(a)(4) and

8   Regulation Z § 1026.18(e). The flagrant omission of the annual percentage rate in the Contract

9   masks the Contract's true characteristic as being a credit transaction.

10   f) MUSE states in the Contract that it is a "legally binding agreement" and is a "contractual

11   commitment by [tuition payer] relating to financial obligations that [tuition payer] [is] assuming

12   to MUSE." A reasonable interpretation of this Contract language is a representation that the

13   financial terms can be relied upon as being complete and accurate. Yet, MUSE misrepresented

14   the quality of its own credit disclosures. And Plaintiffs were unable to avoid the injury of paying

15   an increased finance charge due to the disclosure deficiencies of the credit terms.

16   51. Additionally, MUSE misrepresented the standard and quality of its education services as

17   described above, and represented that its education services had benefits and characteristics

18   which they did not have.

19   52. By virtue of the acts, representations, and omissions made regarding the transaction

20   hereinabove described, MUSE has engaged or attempted to engage in unlawful methods, acts, or

21   practices under the Consumer Legal Remedies Act during the relevant time period herein,

22   including, but not limited to California Civil Code § 1770(a):

23   (2) Misrepresenting the source, sponsorship, approval, or certification of goods or services.

24   (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients,

25   uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval,

26   status, affiliation, or connection which he or she does not have.

27   (7) Representing that goods or services are of a particular standard, quality, or grade, or that

28   goods are of a particular style or model, if they are of another.

1    (9) Advertising goods or services with intent not to sell them as advertised.

2    (14) Representing that a transaction confers or involves rights, remedies, or obligations which

3    it does not have or involve, or which are prohibited by law.

4    (16) Representing that the subject of a transaction has been supplied in accordance with a

5    previous representation when it has not.

6    (19) Inserting an unconscionable provision in the contract.

7    53.  Plaintiffs file herein for injunction to have this Court stop MUSE from transacting in the

8    business and sales of insurance, if it is not licensed to conduct this activity.

9    54.  Plaintiffs also file herein for injunction to have this Court stop MUSE's unfair and

10   deceptive practice of misrepresenting the credit terms of its consumer credit transactions.

11   55.  Plaintiffs also file herein for injunction to have this Court order MUSE to modify its

12   Student Enrollment Contract to comply with the applicable disclosure statements required by the

13   Truth in Lending Act.

14   56.  Plaintiffs have sent a demand letter to MUSE and if the matter is not settled within 30

15   days' time from their receipt, Plaintiffs will exercise their right under the CLRA to amend this

16   Complaint to add a cause of action for damages.

17   57.  Plaintiffs herein request that the Court rescind the Contract and Order MUSE to return to

18   Plaintiffs of any money or property given by the Plaintiffs to anyone, including the Defendants,

19   in connection with the transaction.

20   58.  As prevailing plaintiff in this action Plaintiffs are entitled to have their attorney fees and

21   costs of suit paid pursuant to Civil Code § 1780(e).

22

23                          **VII. THIRD CAUSE OF ACTION**

24     **UNFAIR COMPETITION LAW, California Bus. & Prof. Code § 17200 *et seq.***

25                            **Against all Defendants**

26   59.  Plaintiffs reallege and incorporate by reference each and every allegation of the above

27   paragraphs as though fully set forth herein.

28   60.  Plaintiffs are "Person[s]" within the meaning of Cal. Bus & Prof. Code § 17201.

1    61. MUSE is a "Person" within the meaning of Cal. Bus & Prof. Code § 17201.

2    62. The negligent and/or intentional misrepresentations made by MUSE about the true costs of

3 credit incident to Plaintiffs' enrollment of their son into MUSE, including but not limited to

4 failing to disclose the finance charge as an item of the cost of credit, failing to express the

5 finance charge as an annual percentage rate, and the non-disclosure of other finance charges

6 incident to the subject transaction, like the cost of tuition insurance and the $25 higher billing

7 fee which Plaintiffs were required to pay; MUSE's legal right to transact in the business of

8 insurance; and MUSE's ability to provide differentiated learning at the level it promised to

9 Plaintiffs; were unlawful, unfair and fraudulent business acts, and they were untrue and

10 misleading means' to induce Plaintiffs to consummate the Contract, and, thus, constitute "unfair

11 competition." Cal. Bus & Prof. Code § 17200.

12    63. By virtue of the unfair competition engaged in by MUSE in its direct dealings with

13 Plaintiffs, as described in this Complaint, Plaintiffs have suffered injury in fact and have lost

14 money or property as a result of the unfair business practices. Plaintiffs financed the tuition

15 balance in reliance on unclear and improperly disclosed credit terms, which included an

16 undisclosed or understated finance charge and no disclosure of the annual percentage rate.

17 Plaintiffs were required to purchase credit insurance which provided little to no benefit for them

18 and they paid tuition for services which fell short of MUSE's prior representations. Cal. Bus &

19 Prof. Code § 17204.

20    64. There is no one besides Plaintiffs from whom consent should be obtained to join in the

21 complaint. Cal. Code of Civ. Proc. § 382.

22    65. It was unlawful for MUSE with intent directly or indirectly to induce Plaintiffs – members

23 of the public – to enter into an obligation relating to the enrollment of their son into its school, to

24 make statements concerning the school's ability to provide education services at the level that it

25 promised; to omit and/or misstate the finance charge in the Contract; and to fail to include the

26 annual percentage rate for the transaction on the face of the Contract; to engage in unregulated

27 insurance transactions which were all untrue or misleading, and which were known, or by the

28 exercise of reasonable care should have been known, to be untrue or misleading. Cal. Bus &

1  Prof. Code § 17500.

2  66.  Plaintiffs are entitled to injunctive relief and the court may make such orders or judgments

3  as may be necessary to prevent the use or employment by MUSE of selling education services

4  through misleading terms and misrepresenting the true cost of credit to tuition payers who select

5  the multiple installments payment option; selling force-placed credit insurance to buyers who

6  may not receive any benefit from such products and services; and holding themselves out to the

7  public as an insurer; or as may be necessary to restore to Plaintiffs any money which MUSE

8  acquired by means of such unfair competition. Cal. Bus & Prof. Code § 17203.

9

10                                        **PRAYER FOR RELIEF**

11        WHEREFORE, Plaintiffs respectfully pray that this Court:

12  1. Assume jurisdiction of this case;

13  2. Determines and adjudges the acts, practices, and omissions of Defendants complained of

14  herein to be in violation of the rights of Plaintiffs under the TILA, the CLRA, and the UCL;

15  3. Award actual damages to be established at trial pursuant to 15 U.S.C. § 1640(a)(1);

16  4. Award statutory damages in the amount of twice the finance charge in accordance with 15

17  U.S.C. § 1640(a)(2), not to exceed $2,000;

18  5. Issue Injunction, for a Court order to stop Defendants from requiring tuition payers to

19  purchase tuition refund insurance or credit insurance as a condition to the extension of credit;

20  6. Issue Injunction, for a Court order to stop Defendants from engaging in the unregulated and

21  unlicensed activity of offering, negotiating or selling insurance policies and charging insurance

22  premiums;

23  7. Issue Injunction, for a Court order to stop Defendants unfair and deceptive practice of

24  misrepresenting the credit terms of its consumer credit transactions.

25  8. Issue an Injunction, for a Court order requiring MUSE to modify its Student Enrollment

26  Contract to comply with the applicable disclosure statements required by the Truth in Lending

27  Act.

28  9. Rescind the Student Enrollment Contract of November 5, 2013.

10. Order the return to the Plaintiff of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction.

11. Order that Plaintiff be relieved from owing any remaining tuition balance for the 2013-2014 school year;

12. Issue Injunction, for a Court order to prevent Defendants during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining collection proceedings against the Plaintiff for any money Defendant asserts is due in connection with the transaction;

13. Issue Injunction, for Court order to prevent Defendants during the pendency of this action, and permanently thereafter, from furnishing or causing to be furnished negative trade lines to the national Credit Reporting Agencies.

14. Award incidental damages in an amount to be proved at trial;

15. Award consequential damages in an amount to be proved at trial;

16. Award prejudgment interest at the legal rate;

17. Award costs of suit and expenses and actual attorney fees reasonably incurred pursuant to 15 U.S.C. § 1640; California Civil Code § 1780;

19. Award such other and further relief as the Court deems just and proper.

Dated: May 12, 2014                     By: _____

                                        Jacob Regar, Attorney for Plaintiffs

# EXHIBIT A

Identification: MUSE School CA Student Enrollment Contract



### SCHOOL CA
Student Enrollment Contract
DATE DUE: Monday, November 4th, 2013

MUSE School (MUSE herein) is a non-profit organization managed by a volunteer Board of Trustees. This agreement governs the terms of your child's enrollment at, and related financial obligations to, MUSE. Please read this entire agreement before signing. This is a legally binding agreement between you and MUSE, and is a contractual commitment by you relating to financial obligations that you are assuming to MUSE.

I wish to enroll my child, Alex Contreras, for 1st grade for the 2013-2014 school year. I understand that to reserve a place, I must return this enrollment agreement with the 1st month tuition payment to MUSE School CA by November 4th, 2013. *All new families are charged a one time $1000 Enrollment Fee due at same time as the deposit.* I also understand that the full cost of tuition (including the $500 materials fee) for the 20134-201 school year is $22,500 and that tuition insurance (2.0% of tuition), fees, after-school care and programs are not included.

Payment Schedule:

Enrollment Fee:          $ 1,000.00  Non-refundable, *one time fee for* NEW STUDENTS ONLY, *due with deposit*

Tuition Balance & Materials:        $18,628.00    *(tuition pro-rated to reflect 7 months and 26 days)*

November's Payment:        $2,052.00    Due with Enrollment Contract

Other potential charges: (see Billing below)

| | | |
|---|---|---|
| Billing Processing fee: | $20 or $45 | depending on payment plan selected |
| Interest: | $267 | charged on TWO or NINE payment plans only |
| Tuition Refund Insurance | $373 | 2% of tuition, optional on ONE payment plan, required on TWO and NINE payment plans (see Tuition Insurance below) |

MUSE allows families to select from the following payment plans that match their needs, noting that the one payment plan is for remaining tuition and materials balance only *with an option for tuition insurance.* A $20 billing fee is added to the one payment plan. The two and nine payment plans include tuition balance after deposit, $267 for interest, $45 for billing, and $450 for tuition insurance (2%) as follows:

Tuition Payment Options (please check one):

| | | |
|---|---|---|
| One Payment of | $16,596.00 | Tuition Balance + $20 Billing Fee. Due Nov. 4th, 2013 |
| One Payment of | $16,969.00 | Tuition + Insurance + $20 Billing Fee. Due Nov. 4th, 2013 |
| Two Payments of | $8,630.00 | Tuition Balance + Insurance + $45 Billing Fee + $267 interest/2. Due Nov. 4th, 2013 & Jan. 1st, 2014 |
| Seven payments of | $2,466.00 | Tuition Balance + Insurance + $45 Billing Fee + $267 interest/9. Due Nov. 4th, 2013 – June 1st, 2014 (monthly) |

TUITION INSURANCE: Our Tuition Refund Plan (TRP) costs an additional 2% of your total tuition. MUSE self-insures this program to protect both the family and the school in the event a student cannot finish the school year due to unforeseen circumstances. *Participation in the Tuition Refund Plan is required unless the full annual tuition is selected through the one payment option, in which case the Plan is optional. We recommend that everyone participate.*
What is covered?

- 100% of covered remaining* tuition for medically necessary withdrawals.
- 100% of covered remaining tuition for death of a tuition payer or MUSE student.
- 75% of covered remaining tuition for involuntary unemployment of tuition payer.
- 75% of covered remaining tuition for job transfer (outside our attendance area) of the tuition payer.
- 25% of covered remaining tuition for non-voluntary separation from MUSE.

What is not covered?

• voluntary withdrawal.

*"Remaining tuition" considers the number of days remaining in the current school year and is computed by prorating total contracted tuition divided by the number of scheduled class days.

## Billing and Terms:
MUSE uses SMART Tuition to provide payment services, including billing and payment collection. Invoices will be mailed prior to the payment due date, which will be the 1st of the month. SMART charges a one-time $20 processing fee to one payment plan participants, and a one-time $45 processing fee to multiple plan (two or nine payment plan) participants. A delinquent payment charge of $45 per payment will be issued for payments received after the due date (the 1st of the payment month) and an annual percentage rate of 12% will be applied to any overdue balance.

## Tuition Liability for Cancellation, Withdrawal, Suspension or Dismissal:
Payment of Tuition: I hereby acknowledge that my signature on this Enrollment Contract obligates me to pay the full amount for tuition and fees set forth below unless this Enrollment Contract is canceled in writing by either MUSE School or me prior to November 4th, 2013.

Cancellation: Cancellation occurs if one or both of the signatories to this Enrollment Agreement give written notification that the child will not be attending MUSE when such notification is given before the school year has started. Notice of cancellation must be in writing and will be effective the date that it is received by MUSE. Any remaining tuition, fees, or other charges owing will be due within 30 days following receipt by MUSE of notice of cancellation.

Withdrawal: If a family requests that a student be withdrawn from the school, for any reason, liability for the remainder of tuition shall be 100% following November 4th, 2013 as stated above. Any remaining tuition, fees, and other charges that may be owed will be due within 30 days following the date of withdrawal. A student's records will not be released until such payment is made unless otherwise required by law. The withdrawal request must be in writing.

Dismissal: The School reserves the right to dismiss any student, or to deny reenrollment to any student if, in the judgment of the Head of School, the student's commitment, progress, or conduct in or out of the school is not in keeping with the school's expectations, the student is otherwise not making satisfactory progress, the student has engaged in conduct which is not consistent with a positive and constructive relationship between the school and the family or is, in the judgment of the Head of School, disruptive to the school community. In addition, the School reserves the right to dismiss the student during any period of time when the parents'/guardians' financial obligations to the school are unpaid and overdue. Liability for the remainder of tuition at the time of dismissal shall be in accordance with previously stated date. Outstanding tuition, fees, and other charges will be due within 30 days following the date of dismissal. A student's records will not be released until such payment is made unless otherwise required by law.

In accepting enrollment at MUSE for my child, I agree to be bound by the terms of this agreement and I agree and understand that *I am liable to MUSE for tuition in accordance with the tuition liability provisions of this agreement, whether or not my child attends MUSE.* I understand that under no circumstances will my enrollment deposit be refunded. I also understand that any grades, transcripts, recommendations or other records requested will not be released until the tuition liability has been paid, unless otherwise required by law. In the event of any dispute or controversy arising out of this agreement, the parties agree to make every effort to settle it by direct negotiation, mediation or dispute resolution processes. In the event of litigation (either in court or in arbitration) of a dispute over the terms of this Contract, the prevailing party shall be entitled to recover reasonable attorneys' fees and costs.

Force Majeure: MUSE' duties and obligations under this Contract shall be suspended immediately without notice during all periods that the School is closed because of force majeure events including, but not limited to, any fire, act of God, war, governmental action, act of terrorism, epidemic, pandemic or any other event beyond MUSE' control. If such an event occurs, MUSE' duties and obligations in this Contract will be postponed until such time as MUSE, in its sole discretion, may safely reopen.

Page 2 of 2

Reenrollment: Nothing in this Enrollment Contract is intended to create any right to reenrollment at the School for any year following the 2013-2014 school year. The offering of reenrollment is at the sole discretion of the School.

I/We agree to the above terms, conditions, payment plan selected, and the rules, regulations and procedures established by the School (both parents must sign unless an exception is made by the School).

SIGNED_____   DATE_____

      Parent or Guardian

SIGNED_____   DATE_____

      Parent or Guardian

BILLING NAME_____   PHONE_____

STREET ADDRESS_____

CITY_____   STATE_____   ZIP_____

EMAIL ADDRESS for mailing bills_____

The individuals signing the Enrollment Contract are solely responsible for payment of tuition, fees, and all incidental charges. The school will not attempt to collect payment from any other source. Duplicate tuition bills may be sent to extended families for the convenience of the parents; however, either signer is ultimately responsible for payment of the full amount due if an account is unpaid.

Please return this enrollment contract and your payment to the school by November 4th, 2013. A copy will be provided to you for your files.

---

For office use only:

This is to confirm acceptance of _Alijandro Contrera_ for enrollment in MUSE for the 2013-2014 school year. The charges are shown in the payment schedule as selected by the parent or guardian and are subject to the conditions in this agreement.

_____   DATE_ 11/5/13

    MUSE Representative

Mail to:
MUSE School CA
Admissions Office
1666 Las Virgenes Canyon Road
Calabasas, CA 91302

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Jacob Regar   SBN: 268493<br>Jacob Regar Law<br>74900 Highway 111, Suite 215<br>Indian Wells, CA 92210<br>TELEPHONE NO: (760) 600-0461   FAX NO: (818) 855-8774<br>ATTORNEY FOR *(Name)*: Plaintiffs Colleen Contreras & Alejandro Contreras | FOR COURT USE ONLY<br><br>CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>MAY 15 2014<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By _____ , Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 1725 Main St.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Monica, 90401
BRANCH NAME: Santa Monica Courthouse - West District

| | |
|---|---|
| CASE NAME:<br>CONTRERAS v. MUSE SCHOOL CA | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>SC122557 |
|---|---|---|
| [✓] Unlimited   [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE GERALD ROSENBERG<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[✓] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify)*: 3
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 12, 2014
Jacob Regar, Esq.
_____
(TYPE OR PRINT NAME)   ►   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

To Plaintiffs and Others Filing First Papers. If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

To Parties in Rule 3.740 Collections Cases. A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

To Parties in Complex Cases. In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability (not asbestos or toxic/environmental) (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (not civil harassment) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice (not medical or legal)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)
    Contract/Warranty Breach–Seller Plaintiff (not fraud or negligence)
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage (not provisionally complex) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (not eminent domain, landlord/tenant, or foreclosure)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (arising from provisionally complex case type listed above) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment (non-domestic relations)
    Sister State Judgment
    Administrative Agency Award (not unpaid taxes)
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (not specified above) (42)
    Declaratory Relief Only
    Injunctive Relief Only (non-harassment)
    Mechanics Lien
    Other Commercial Complaint Case (non-tort/non-complex)
    Other Civil Complaint (non-tort/non-complex)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (not specified above) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

| SHORT TITLE: CONTRERAS v. MUSE SCHOOL CA | CASE NUMBER SC122557 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 4-5   ☐ HOURS/ ☑ DAYS

Item II. Indicate the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

Step 1: After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

Step 2: Check one Superior Court type of action in Column B below which best describes the nature of this case.

Step 3: In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

Step 4: Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0
Page 1 of 4

| SHORT TITLE: CONTRERAS v. MUSE SCHOOL CA | CASE NUMBER |
|---|---|

| | A<br>Civil Case Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons –<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☑ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach –Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

| SHORT TITLE: CONTRERAS v. MUSE SCHOOL CA | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C.<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐  A6108   Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐  A6115   Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐  A6151   Writ - Administrative Mandamus | 2., 8. |
| | | ☐  A6152   Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐  A6153   Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐  A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐  A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐  A6007   Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐  A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐  A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐  A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐  A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐  A6141   Sister State Judgment | 2., 9. |
| | | ☐  A6160   Abstract of Judgment | 2., 6. |
| | | ☐  A6107   Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐  A6140   Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐  A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐  A6112   Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐  A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐  A6030   Declaratory Relief Only | 1., 2., 8. |
| | | ☐  A6040   Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐  A6011   Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐  A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐  A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐  A6121   Civil Harassment | 2., 3., 9. |
| | | ☐  A6123   Workplace Harassment | 2., 3., 9. |
| | | ☐  A6124   Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐  A6190   Election Contest | 2. |
| | | ☐  A6110   Petition for Change of Name | 2., 7. |
| | | ☐  A6170   Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐  A6100   Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: CONTRERAS v. MUSE SCHOOL CA | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☐2. ☒3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>1656 Las Virgenes Canyon Road |
|---|---|
| CITY: Calabasas | STATE: CA | ZIP CODE: 91302 | |

Item IV. Declaration of Assignment: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Santa Monica___ courthouse in the ___West___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: May 12, 2014

(SIGNATURE OF ATTORNEY/FILING PARTY)

PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

CASE NO. _____ SC122557

## *NOTICE OF CASE ASSIGNMENT TO INDIVIDUAL CALENDAR COURT*

TO PLAINTIFFS AND PLAINTIFFS' ATTORNEYS OF RECORD or PLAINTIFFS IN PRO PER:

IT IS HEREBY ORDERED AND YOU ARE HEREBY NOTIFIED that this action shall be assigned to a Judge for all purposes, including trial, as follows:

_____ JUDGE GERALD ROSENBERG _____          Department: _____ K _____

☐  Santa Monica Courthouse
   1725 Main Street
   Santa Monica, CA 90401

IT IS FURTHER ORDERED THAT PLAINTIFF OR COUNSEL FOR PLAINTIFF SHALL GIVE NOTICE OF THIS ALL-PURPOSE CASE ASSIGNMENT by serving a copy of this Notice on all parties to this action at the time the Summons and Complaint are served, or, if not a served party, then when such party (including any cross-defendant or complainant-in-intervention) appears in the action.

CASE MANAGEMENT REVIEW AND CONFERENCE: Upon the filing of the Complaint, a Case Management Review and Conference will be calendared for hearing in the Court to which the case is assigned. The hearing date will be stamped upon the face of the Complaint. Plaintiff shall give separate notice of the Case Management Review and Conference to all named parties in conjunction with service of the Summons and Complaint and include any later appearing party such as a cross-defendant or complainant-in-intervention served within this time period. Proof of service must be brought to the hearing if not previously filed. Failure to timely file proof of service of Summons and Complaint within 60 days after filing the Complaint (CRC 3.110(b)) may result in an Order to Show Cause re sanctions being issued. (CRC 3.110(f).)

If a case is assigned to Department X, located in the Beverly Hills Courthouse, all documents, pleadings, motions, and papers filed subsequent to the original Complaint shall be filed directly in the courtroom stamped upon the Complaint.

Pursuant to CRC 3.725, no later than 15 calendar days before the date set for the Case Management Conference or Review, each party must file a Case Management Statement and serve it on all other parties in the case.  In lieu of each party's filing a separate Case Management Statement, any two or more parties may file a joint Statement.

The subjects to be considered at the Case Management Conference shall include the following (CRC Rule 3.727):

(1)    Whether there are any related cases (see CRC 3.300);

(2)    Whether all parties named in the Complaint or Cross-Complaint have been served, have appeared, or have been dismissed;

(3)    Whether any additional parties may be added or the pleadings may be amended;

(4)    Whether, if the case is a limited civil case, the economic litigation procedures under Code of Civil Procedure Section 90 et seq. will apply to it or the party intends to bring a motion to exempt the case from these procedures;

(5)    Whether any other matters (e.g., the bankruptcy of a party) may affect the Court's jurisdiction or processing of the case;

(6)    Whether the parties have stipulated to, or the case should be referred to, judicial arbitration in courts having a judicial arbitration program or to any other form of alternative dispute resolution (ADR) process and, if so, the date by which the judicial arbitration or other ADR process must be completed;

(7)    Whether an early settlement conference should be scheduled and, if so, on what date;

(8)    Whether discovery has been completed and, if not, the date by which it will be completed;

(9)    What discovery issues are anticipated;

(10)   Whether the case should be bifurcated or a hearing should be set for a motion to bifurcate under Code of Civil Procedure Section 598;

(11)   Whether there are any Cross-Complaints that are not ready to be set for trial and, if so, whether they should be severed;

(12)   Whether the case is entitled to any statutory preference and, if so, the statute granting the preference;

(13)   Whether a jury trial is demanded and, if so, the identity of each party requesting a jury trial;

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association
Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:         FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

| TELEPHONE NO.: | FAX NO. (Optional): | |
|---|---|---|
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

    　i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

    　ii. Include a brief summary of the dispute and specify the relief requested; and

    　iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

    　i. Also be filed on the approved form (copy attached);

    　ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____    ➤    _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR PLAINTIFF)

Date:

_____    ➤    _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____    ➤    _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____    ➤    _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____    ➤    (ATTORNEY FOR_____)
(TYPE OR PRINT NAME)

Date:

_____    ➤    (ATTORNEY FOR_____)
(TYPE OR PRINT NAME)

Date:

_____    ➤    (ATTORNEY FOR_____)
(TYPE OR PRINT NAME)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (Insert date 10 calendar days following filing of
   the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (Insert date 20 calendar
   days following filing of the Request).
4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:          FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

JACOB REGAR,  SBN: 268493
**JACOB REGAR LAW**
74900 HIGHWAY 111, STE. 215
INDIAN WELLS, CA 92210
TELEPHONE: (760) 600-0461
FACSIMILE: (818) 855-8774
jacob@jacobregarlaw.com

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 15 2014

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy

Attorney for Plaintiffs, Colleen Contreras & Alejandro Contreras

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES – WEST DISTRICT

| | |
|---|---|
| COLLEEN CONTRERAS & ALEJANDRO CONTRERAS,<br><br>Plaintiff,<br><br>vs.<br><br>MUSE SCHOOL CA, AND DOES 1-20 INCLUSIVE,<br><br>Defendant, | Case No.:  SC122557<br><br>**DECLARATION FOR COMPLAINT UNDER CONSUMER LEGAL REMEDIES ACT (CLRA)** |

I, Jacob Regar, declare:

1. I am an attorney at law duly admitted to practice before the courts of the state of California and I am attorney of record for Plaintiffs.

2. The following declaration is made upon my own true knowledge and belief of the events that have occurred in this matter.

DECLARATION FOR COMPLAINT UNDER CLRA - 1

1    3. The Complaint filed concurrently herewith is filed in a proper place for the trial, for the

2    reasons checked below:

3

4    ▪   This is the county in which the subject matter of the action, or a substantial portion

5        thereof, occurred;

6

7    ▪   This is the county in which a person against whom this action is brought, resides;

8

9    ▪   This is the county in which the person against whom this action is brought has its

10       principal place of business or is doing business; and/or

11

12   ▪   This is the county in which the parties entered into the subject transaction.

13

14   I declare under penalty of perjury under the laws of the State of California that the foregoing

15   is true and correct.

16

17   Dated: May 12, 2014                              JACOB REGAR LAW

18

19                                         BY:

20                                              Jacob Regar, Attorney for Plaintiffs

21

22

23

24

25

26

27

28

DECLARATION FOR COMPLAINT UNDER CLRA - 2

# Exhibit C

1    JEFFER MANGELS BUTLER & MITCHELL LLP
      TRAVIS M. GEMOETS (Bar No. 174365), tgemoets@jmbm.com
2    HILLARY JAY BACA (Bar No. 288068), hbaca@jmbm.com
      1900 Avenue of the Stars, Seventh Floor
3    Los Angeles, California 90067-4308
      Telephone:    (310) 203-8080
4    Facsimile:     (310) 203-0567

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

5    Attorneys for Defendant MUSE SCHOOL CA

**JUN 12 2014**

6                                                        Sherri R. Carter, Executive Officer/Clerk
                                                         By **Darnetta Smith,** Deputy

7

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     COUNTY OF LOS ANGELES – WEST DISTRICT

10

| 11 | COLLEEN CONTRERAS & ALEJANDRO CONTRERAS, | CASE NO. SC122557 |
|----|----|----|
| 12 | | DEFENDANT MUSE SCHOOL CA'S ANSWER TO PLAINTIFFS' COMPLAINT |
| 13 | Plaintiffs, | |
| 14 | vs. | |
| 15 | MUSE SCHOOL CA, and DOES 1-20, inclusive, | Complaint Filed:  May 15, 2014 |
| 16 | | Trial Date: _____  None Set |
| | Defendant. | |

17

18

19

20

21

22

23

24

25

26

27

28

JMBM | Jeffer Mangels Butler & Mitchell LLP

DEFENDANT MUSE SCHOOL CA'S ANSWER TO PLAINTIFFS' COMPLAINT

**GENERAL DENIAL**

Defendant MUSE SCHOOL CA ("Defendant"), for itself and for no others, hereby submits its Answer to the unverified Complaint ("Complaint") of Plaintiffs COLLEEN CONTRERAS & ALEJANDRO CONTRERAS ("Plaintiffs") as follows:

Pursuant to the provisions of California Code of Civil Procedure Section 431.30, Defendant denies generally each and every allegation and each purported cause of action contained in Plaintiffs' Complaint, and without limiting the generality of the foregoing, denies that Plaintiffs have been damaged in any amount, or at all, by reason of any acts or omissions of Defendant.

Defendant hereby gives notice that it intends to rely upon any such other and further defenses as may become available during discovery in this action and reserves its right to amend this answer to assert any such defenses.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

1.      The Complaint and all of Plaintiffs' purported causes of action fail to state facts sufficient to constitute a cause of action against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

2.      The Complaint and all of Plaintiffs' purported causes of action are barred by Plaintiffs' failure to mitigate such damages, if they have any.

**THIRD AFFIRMATIVE DEFENSE**

3.      The Complaint and all of Plaintiffs' purported causes of action are barred by the doctrines of waiver, estoppel, unclean hands, and/or laches.

**FOURTH AFFIRMATIVE DEFENSE**

4.      The Complaint and all of Plaintiffs' purported causes of action are barred because if Defendant ever owed any obligation to Plaintiff, the same has been paid.

**FIFTH AFFIRMATIVE DEFENSE**

5.      The Complaint and all of Plaintiffs' purported causes of action are barred because Plaintiffs failed to exhaust their remedies required to be exhausted under the alleged contract.

DEFENDANT MUSE SCHOOL CA'S ANSWER TO PLAINTIFFS' COMPLAINT

1            **SIXTH AFFIRMATIVE DEFENSE**

2        6.      Defendant alleges that, at all times relevant to the claims asserted by the Plaintiffs,

3  Defendant acted in good faith and exercised due diligence to disclose all of the facts known to it

4  relevant to the acts and transactions complained of by the Plaintiffs.

5            **SEVENTH AFFIRMATIVE DEFENSE**

6        7.      Defendant alleges on information and belief that Plaintiffs are not entitled to

7  injunctive relief under their purported Section 17200 cause of action in that Plaintiffs have an

8  adequate remedy at law.

9            **EIGHTH AFFIRMATIVE DEFENSE**

10       8.      Plaintiffs lack standing to prosecute any claims under Section 17200.

11            **NINTH AFFIRMATIVE DEFENSE**

12        9.      Plaintiffs have failed to allege any facts which would give rise to a claim of unfair

13  competition under Section 17200.

14            **TENTH AFFIRMATIVE DEFENSE**

15      10.      Plaintiffs' claims are barred because Plaintiffs had a duty to exercise reasonable

16  efforts to mitigate their damages, if any, and the loss suffered by them, if any, was the result of their

17  own failure and refusal to do so.

18            **ELEVENTH AFFIRMATIVE DEFENSE**

19      11.      Plaintiffs' claims are barred in whole or in part to the extent Plaintiffs lack standing

20  because they are not "consumers" under the Consumer Legal Remedies Act or laws of unfair

21  competition.

22  ///

23  ///

24  ///

25

26

27

28

JMBM | Jeffer Mangels
Butler & Mitchell LLP

**PRAYER FOR RELIEF**

**WHEREFOR,** Defendant prays for relief as follows:

1. That Plaintiffs take nothing by this action;

2. That the Complaint, and each and every purported claim for relief alleged therein, be dismissed with prejudice;

3. That Defendant be awarded their costs of suit, including reasonable attorneys' fees; and

4. For such other and further relief as the Court may deem just and proper.

DATED: June *12*, 2014

JEFFER MANGELS BUTLER & MITCHELL LLP
TRAVIS M. GEMOETS
HILLARY JAY BACA

By: _____
        TRAVIS M. GEMOETS
Attorneys for Defendant MUSE SCHOOL CA

DEFENDANT MUSE SCHOOL CA'S ANSWER TO PLAINTIFFS' COMPLAINT

JMBM | Jeffer Mangels Butler & Mitchell LLP

PRINTED ON
RECYCLED PAPER
LA 11037736v1

## PROOF OF SERVICE

### STATE OF CALIFORNIA, CITY AND COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 1900 Avenue of the Stars, 7th Floor, Los Angeles, California 90067.

On June 12, 2014 I served the document(s) described as **DEFENDANT MUSE SCHOOL CA'S ANSWER TO PLAINTIFFS' COMPLAINT** in this action addressed as follows:

### SEE ATTACHED LIST

☒ (BY MAIL) I am "readily familiar" with the business' practice for collection and processing correspondence for mailing. Under that practice true and correct copies of the aforementioned document(s) was deposited, in a sealed envelope with postage thereon fully prepaid, with the U.S. Postal Service on that same day to be mailed via first class mail at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ (BY FAX) Pursuant to Rule 2.306, the parties have agreed to service by fax, and a written confirmation of that agreement has been made. On        , I transmitted, pursuant to Rule 2.306, the above-described document by facsimile machine, to the above-listed fax number(s). The transmission originated from facsimile phone number (310) 203-0567 and was reported as complete and without error. The facsimile machine properly issued a transmission report, a copy of which is attached.

☐ (BY ELECTRONIC SERVICE) On        , I transmitted the aforementioned document(s) directly, through an agent, or through a designated electronic filing service provider to the aforementioned electronic notification address(es). The transmission originated from my electronic notification address, which is        , and was reported as complete and without error. Pursuant to Rule 2.260(f)(4), I will maintain a printed form of this document bearing my original signature and will make the document available for inspection and copying on the request of the court or any party to the action or proceeding in which it is filed, in the manner provided in rule 2.257(a).

☐ (BY PERSONAL SERVICE) I placed the aforementioned document(s) in a sealed envelope and I delivered such envelope by hand to the offices of the addressee.

☐ (BY OVERNIGHT DELIVERY) I placed the aforementioned document(s) in a sealed envelope with postage thereon fully prepaid and I caused said envelope to be delivered overnight via an overnight delivery service in lieu of delivery by mail to the addressee(s).

Executed on June 12, 2014 at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

LORNA M. HATCH

## SERVICE LIST

Jacob Regar
**JACOB REGAR LAW**
74900 Highway 111
Suite 215
Indian Wells, California 92210
Telephone: (760) 600-0451
Facsimile: (818) 855-8774
Jacob@jacobregarlaw.com

2

# Exhibit D

1   JEFFER MANGELS BUTLER & MITCHELL LLP
    TRAVIS M. GEMOETS (Bar No. 174365), tgemoets@jmbm.com
2   HILLARY JAY BACA (Bar No. 288068), hbaca@jmbm.com
    1900 Avenue of the Stars, Seventh Floor
3   Los Angeles, California 90067-4308
    Telephone:    (310) 203-8080
4   Facsimile:    (310) 203-0567

5   Attorneys for Defendant MUSE SCHOOL CA

6

7                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                   COUNTY OF LOS ANGELES – WEST DISTRICT

9

10

11  COLLEEN CONTRERAS & ALEJANDRO            CASE NO. SC122557
    CONTRERAS,
12                                           NOTICE TO SUPERIOR COURT OF
                 Plaintiffs,                 REMOVAL OF CIVIL ACTION TO FEDERAL
13                                           COURT BY DEFENDANT MUSE SCHOOL CA
          vs.
14
    MUSE SCHOOL CA, and DOES 1-20,
15  inclusive,

16               Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE TO SUPERIOR COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1   TO THE CLERK OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE

2   COUNTY OF LOS ANGELES – WEST DISTRICT:

3

4          Attached hereto as Exhibit "A" is a true and correct copy of the Notice of Removal

5   of Civil Action to the United States District Court, the original of which was filed with the United

6   States District Court for the Central District of California on June 13, 2014.

7

8          The filing of said Notice of Removal effects the removal of the above-entitled action

9   from this court.

10

11   DATED:  June 16, 2014          JEFFER MANGELS BUTLER & MITCHELL LLP
                                    TRAVIS M. GEMOETS
12                                  HILLARY JAY BACA

13

14                                  By: _____
                                           TRAVIS M. GEMOETS
15                                  Attorneys for Defendant MUSE SCHOOL CA

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE TO SUPERIOR COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

# Exhibit E

1  JEFFER MANGELS BUTLER & MITCHELL LLP
   TRAVIS M. GEMOETS (Bar No. 174365), tgemoets@jmbm.com
2  HILLARY JAY BACA (Bar No. 288068), hjb@jmbm.com
   1900 Avenue of the Stars, Seventh Floor
3  Los Angeles, California 90067-4308
   Telephone:   (310) 203-8080
4  Facsimile:   (310) 203-0567

5  Attorneys for Defendant MUSE SCHOOL CA

6

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  COUNTY OF LOS ANGELES – WEST DISTRICT

10

11  COLLEEN CONTRERAS & ALEJANDRO          CASE NO. SC122557
    CONTRERAS,
12                                          NOTICE TO ADVERSE PARTY OF REMOVAL
                  Plaintiffs,               OF CIVIL ACTION TO FEDERAL COURT BY
13                                          DEFENDANT MUSE SCHOOL CA
          vs.
14
    MUSE SCHOOL CA, and DOES 1-20,
15  inclusive,

16                Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

PRINTED ON
RECYCLED PAPER
LA 10871995v1

1    TO PLAINTIFFS COLLEEN CONTRERAS AND ALEJANDRO CONTRERAS AND THEIR

2    ATTORNEYS OF RECORD, JACOB REGAR AND JACOB REGAR LAW:

3                 PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in the

4    United States District Court for the Central District of California on June 13 2014. A copy of the

5    Notice of Removal is attached to this Notice as Exhibit A, and is served and filed herewith. Copies

6    of the Civil Case Coversheet, Notice of Related Cases, and Notice of Interested Parties, filed with

7    the Notice of Removal, are attached hereto as Exhibits B, C, and D, respectively.

8

9    DATED:  June ___, 2014             JEFFER MANGELS BUTLER & MITCHELL LLP
                                          TRAVIS M. GEMOETS

10                                      HILLARY JAY BACA

11

12                                 By: _____

13                                        TRAVIS M. GEMOETS
                                   Attorneys for Defendant MUSE SCHOOL CA

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JMBM | Jeffer Mangels
Butler & Mitchell LLP

NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
BY DEFENDANT MUSE SCHOOL CA

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, CITY AND COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 1900 Avenue of the Stars, 7th Floor, Los Angeles, California 90067.

On June 16, 2014 I served the document(s) described as **NOTICE TO SUPERIOR COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT MUSE SCHOOL CA** in this action addressed as follows:

**SEE ATTACHED LIST**

☒ (BY MAIL) I am "readily familiar" with the business' practice for collection and processing correspondence for mailing. Under that practice true and correct copies of the aforementioned document(s) was deposited, in a sealed envelope with postage thereon fully prepaid, with the U.S. Postal Service on that same day to be mailed via first class mail at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ (BY FAX) Pursuant to Rule 2.306, the parties have agreed to service by fax, and a written confirmation of that agreement has been made. On        , I transmitted, pursuant to Rule 2.306, the above-described document by facsimile machine, to the above-listed fax number(s). The transmission originated from facsimile phone number (310) 203-0567 and was reported as complete and without error. The facsimile machine properly issued a transmission report, a copy of which is attached.

☐ (BY ELECTRONIC SERVICE) On        , I transmitted the aforementioned document(s) directly, through an agent, or through a designated electronic filing service provider to the aforementioned electronic notification address(es). The transmission originated from my electronic notification address, which is        , and was reported as complete and without error. Pursuant to Rule 2.260(f)(4), I will maintain a printed form of this document bearing my original signature and will make the document available for inspection and copying on the request of the court or any party to the action or proceeding in which it is filed, in the manner provided in rule 2.257(a).

☐ (BY PERSONAL SERVICE) I placed the aforementioned document(s) in a sealed envelope and I delivered such envelope by hand to the offices of the addressee.

☐ (BY OVERNIGHT DELIVERY) I placed the aforementioned document(s) in a sealed envelope with postage thereon fully prepaid and I caused said envelope to be delivered overnight via an overnight delivery service in lieu of delivery by mail to the addressee(s).

Executed on June 16, 2014 at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_Lorna M. Hatch_
LORNA M. HATCH

LA 11076927v1

## SERVICE LIST

Jacob Regar
**JACOB REGAR LAW**
74900 Highway 111
Suite 215
Indian Wells, California 92210
Telephone: (760) 600-0451
Facsimile: (818) 855-8774
Jacob@jacobregarlaw.com

2